Filed 9/11/25  P. v. Robledo CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064328 |
| v. | (Super. Ct. No. FSB702311) |
| JOSEPH ANTHONY ROBLEDO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of San Bernardino County, Michael A. Smith, Judge. Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.

\*         \*         \*

Defendant Joseph Anthony Robledo appeals from an order denying his request for resentencing pursuant to Penal Code section 1172.75.[1] Robledo's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 to inform the court that counsel had found no arguable issues and to request that we exercise our discretion to conduct an independent review of the record. Counsel also suggested one issue for our consideration.

Robledo was given the opportunity to file a supplemental brief on his own behalf and was given notice pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, (*Delgadillo*) that if no supplemental brief was filed, the court might dismiss the appeal as abandoned. He did not file a supplemental brief. We nonetheless exercise our discretion to conduct an independent review of the record (*Delgadillo, supra*, 14 Cal.5th at p. 232) and find no arguable issues on appeal. We therefore affirm.

PROCEDURAL HISTORY

On April 30, 2008, the District Attorney of San Bernardino County filed an information alleging that on or about June 19, 2007, Robledo committed the following: (1) Count one: Carjacking (§ 215, subd. (a)), a serious and violent felony (§§ 1192.7, subd. (c) & 667.5, subd. (c)); and (2) Count two: Evading an officer with willful disregard for safety of persons and property (Veh. Code, § 2800.2, subd. (a)), a felony. It was alleged as to count one that a principal personally used a firearm, a handgun (§ 12022.53, subds. (b) & (e)(1)) and that the offense was committed for the benefit of a gang (§ 186.22, subd. (b)(1)(C)). It was further alleged as to both counts that Robledo had suffered three prison priors (§ 667.5, subd. (b)).

---

[1] All statutory references are to the Penal Code.

On October 7, 2008, Robledo entered into a plea of guilty to both counts and admitted the section 12022.53, subdivision (b) gun enhancement and one section 667.5, subdivision (b) prior.

On November 5, 2008, the court imposed the five-year midterm on count one plus a consecutive 10 years for the gun enhancement; a consecutive eight months (one-third the midterm) on count two; and a consecutive one year for the one prison prior. The court ordered the other two section 667.5, subdivision (b) prison priors stricken.

15 years later, On December 5, 2023, the matter was scheduled for a Resentencing/Modification hearing pursuant to section 1172.75 and the hearing was continued for defense counsel to make contact with Robledo.

On January 31, 2024, on the stipulation of both parties, the court struck the one year section 667.5, subdivision (b) prior and reduced Robledo's sentence from 16 years 8 months to 15 years 8 months. The matter was continued for a full resentencing.

On March 12, 2024, defense counsel filed a resentencing brief pursuant to section 1172.75 requesting a full resentencing and asking the court to strike the 10-year gun enhancement pursuant to Senate Bill No. 620 (SB 620) and to replace it with a lesser gun enhancement under the authority of section 1385, which directs the court to give great weight to mitigating circumstances "unless the court finds that dismissal of the enhancement would endanger public safety." Counsel argued that resentencing in that manner was appropriate because Robledo suffered childhood trauma, suffers from dyslexia and ADHD, and his record of rehabilitation while incarcerated was commendable. (§ 1385, subds. (c)(2)(D)&(E).)

The People opposed the request, arguing that Robledo continued to be a threat to public safety. The People recounted the violent nature of the

carjacking and noted that Robledo's conduct in prison reflects a continuing threat of violence: he had been convicted of two additional felonies while incarcerated and was a "'validated associate of the Mexican Mafia (EME) prison gang.'"

On March 29, 2024, after the court indicated it had read and considered the defense resentencing brief and the prosecution's opposition, it found that Robledo is still a danger to public safety and denied the defense motion for resentencing. Robledo timely appealed.

Defense counsel's brief identified the following single issue for our consideration: "Did the court abuse its discretion by denying resentencing on appellant's section 12022.53, subdivision (b) gun enhancement based on its finding he *continues* to be 'an unreasonable risk to public safety' without giving proper consideration to any section 1385, subdivision (c)(2) mitigating factors – which included appellant's childhood trauma, his learning disabilities, and his extremely positive progress while incarcerated – and the reality that the crime occurred in 2008, while the prison offenses occurred in 2013 and 2015 – nine to 16 years ago?"

DISCUSSION

Section 1385 grants a trial court discretion to dismiss or reduce a firearm enhancement imposed pursuant to section 12022.53. (§ 12022.53, subd. (h).) On appeal, we may reverse only if the trial court abused its discretion. Here, given the violent nature of Robledo's conviction, his additional felonies while in custody, and his ongoing membership in a dangerous gang, the court acted within its discretion in determining that further reducing Robledo's sentence would endanger public safety.

## DISPOSITION

The postjudgment order is affirmed.


                                SANCHEZ, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


DELANEY, J.